UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY SMALL, TDCJ # 00639945, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 4:23-4672 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jeffrey Small, formerly an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges the calculation of his sentence. The respondent has answered and argues that the petition is successive. Small has not responded, and the time to respond has expired. Having reviewed the pleadings, the applicable law, and all matters of record, the Court will **DISMISS** this case for the reasons explained below.

### I.   BACKGROUND

Small was convicted of burglary of a habitation, enhanced, on January 6, 1992, in the 228th District Court of Harris County, Case No. 611810, and was sentenced to 30 years in TDCJ (Dkt. 1, at 1-2; Dkt. 5-9, at 77-78). In this petition, Small does not challenge his underlying conviction, but rather the calculation of his time credits and determination of his release date after his parole was revoked in 2017. Small argues that time was

improperly added onto his sentence in 2017 based on a technical violation and brings five habeas claims: (1) that TDCJ erroneously extended his sentence when it forfeited his street-time credit; (2) that TDCJ improperly required him to serve his sentence in installments; (3) that TDCJ forfeited his street-time credit in violation of the constitution; (4) that TDCJ erred when it failed to correct his street-time credit as required by Texas statute; and (5) that TDCJ has improperly extended his sentence without any new crime or criminal case (Dkt. 1, at 6-14).

The respondent presents an affidavit from Charley Valdez, program supervisor in TDCJ's Classification and Records Department. After reviewing Small's time records, Valdez explains that Small was released from TDCJ in 2015 but, on September 29, 2017, his parole was revoked (Dkt. 6-1, at 6). Small returned to TDCJ on October 24, 2017. As a result of the 2017 revocation, and based on a prior conviction for aggravated assault, Small forfeited 4 years, 3 months, and 3 days of credit for time he had spent when released on supervision (*id*. at 6-7). After Small filed a Time Credit Resolution Form in December 2017, TDCJ informed him there had been no error in the calculation of his sentence, stating, "You are not elig[ible] for street time due to Gov[ernment] Code [§] 508.283(b) . . . The time you spent out on parole has been added back to the end of your sentence" (*id*. at 7-8).

Small previously raised federal habeas claims about the 2017 revocation of his parole, filing a petition claiming that TDCJ had improperly increased his sentence (Dkt. 6-2). The court dismissed his petition as time-barred (Dkt. 6-3) and, on November 5, 2021, the 5th Circuit denied a certificate of appealability (Dkt. 6-4). *See Small v. Davis*, Civil

Action No. 4:19-4773 (S.D. Tex. 2020), *certificate of appealability denied*, Appeal No. 20-20571 (5th Cir. Nov. 5, 2021).

## II.     **DISCUSSION**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), codified as amended at 28 U.S.C. § 2241 *et seq*.  AEDPA imposes restrictions on "second or successive" applications for habeas relief.  Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  *See* 28 U.S.C. § 2244(b)(3)(A).  If a pending petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.  "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit."  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

A prisoner's application is not "second or successive" merely because it follows an earlier petition, but rather when it either: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ."  *Cain*, 137 F.3d at 235; s*ee Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012).   If a claim in a second or successive petition was presented in a previous petition, it must be dismissed.  28 U.S.C. § 2244(b)(1).  If a claim in a second or successive petition was not presented in a previous petition, it must be dismissed unless the petitioner satisfies the following standard:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; *or*
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; *and*
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2) (emphasis added).

Small's current petition challenging his sentence calculations after the 2017 revocation meets the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003). To the extent his petition re-urges habeas claims that were dismissed in his earlier federal proceedings, his claims must be dismissed under 28 U.S.C. § 2244(b)(1). To the extent he argues that he brings new claims that could not have been previously discovered, this Court lacks jurisdiction over his claims because he has not directed the Court's attention to any order from the Fifth Circuit authorizing the filing of his petition. Therefore, even assuming that Small could satisfy the strict standards in 28 U.S.C. § 2244(b)(2) for new claims, this Court would lack jurisdiction over the claims. *See* 28 U.S.C. § 2244(b)(3)(A); *Adams*, 679 F.3d at 321; *Crone*, 324 F.3d 837-38.

For the reasons stated above, the Court will dismiss this habeas action as an unauthorized successive writ.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of

appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (cleaned up).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.  Because

5 / 6

the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This habeas action is **DISMISSED** without prejudice as an unauthorized successive petition.

2. All pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____July 29_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE